## CIRCUIT COURT OF THE CITY OF RICHMOND

Prudential Securities, Inc.

v.

Jeffrey Schimm

November 1, 1996

Case No. LB-1622-4

BY JUDGE RANDALL G. JOHNSON

The issue in this case is whether an arbitration award which ordered that "Respondent, Jeffrey Schimm, shall be liable for, and shall pay to Claimant, Prudential Securities, Inc., the sum of Thirty Thousand Dollars and No Cents ($30,000.00)" means $30,000 or $30,000 minus $4,909.20 already paid by Schimm to Prudential. The arbitration panel has refused the parties' request for an answer to the question, and Prudential has applied to the court for an order confirming the award and declaring that $30,000, with no deduction, must be paid. The court will grant Prudential's request.

The arbitration award was made on April 17, 1995. Among the issues arbitrated, as stated in the written arbitration decision, was Prudential's claim of "the sum of $4,909.20 based on Schimm's default in repayment of" a note. Schimm's $4,909.20 payment which he now claims should be deducted from the award was made on August 5, 1994. Thus, Schimm had every opportunity to make the arbitration panel aware of the payment so that Prudential would not receive a double recovery. Whether Schimm took advantage of the opportunity is not known to the court. Under familiar principles of *res judicata*, however, which principles the court finds applicable to this case even if the actual doctrine is not, Schimm cannot now raise the issue of payment to alter the award which was made. If the arbitration panel was aware of the proposal, the court assumes the $30,000 award was in addition to it. If the panel was not aware of the payment, it was Schimm's fault for not making it aware. In either case, the court will not interfere.

Moreover, a fair reading of the panel's decision leads the court to accept Prudential's argument that the $30,000 *was* in addition to the $4,909.20 already paid. In addition to the $4,909.20, Prudential also claimed $27,500 plus 8% interest from March 14, 1994, for nonpayment of a different note, costs of collection of the notes, and reasonable attorney's fees. Eight percent interest on $27,500 from March 14, 1994, to the date of the award, plus the original $27,500, is $29,883. It would take only $117 in costs and attorney's fees to bring the total award to the $30,000 awarded. In fact, Prudential paid a non-refundable filing fee of $500 to have the case arbitrated. Thus, there is ample support in the record to conclude that the $30,000 award was intended to be in addition to the $4,909.20 already paid by Schimm, and the court so holds.